NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
JOHN BIRD                           :
                                    :
         Plaintiff,                 :    **Hon. Dennis M. Cavanaugh**
                                    :
v.                                  :    **OPINION**
                                    :
MOORE STEPHENS, P.C.,               :    Civil Action No. 10-CV-1091(DMC)(JAD)
                                    :
         Defendants.                :
_____ :

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Moore Stephens, P.C. ("Defendant") to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(c).[1] Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. For the reasons set forth below, Defendant's motion is **granted**.

I.   **BACKGROUND**[2]

China Sky One Medical, Inc. ("CSKI") is a publicly-traded corporation operating and doing business in the People's Republic of China, and the common stock of CSKI trades on the NASDAQ under the symbol CSKI. John Bird ("Plaintiff") is a "short seller" of shares of common stock of CSKI, meaning that he has sold shares of CSKI stock he borrowed from a broker expecting to replace them with

---

[1] Defendant moved pursuant to Federal Rule of Civil Procedure 12(b)(6). However, since Defendant had already filed an Answer to the Complaint, Judge Dickson ordered that the instant motion be treated as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c). Accordingly, this Court will evaluate Defendant's motion pursuant to Rule 12(c).

[2] These facts have been adopted from the parties' respective submissions.

other shares of CSKI stock purchased at a later time and at a lower cost.

In 2008, Moore Stephens, P.C. ("Defendant" or "MSPC") was engaged to audit the financial statements of "CSKI." According to its Form 10-K for the year ending December 31, 2008 (the "2008 10-K"), which was filed by Defendant with the United States Securities and Exchange Commission ("SEC") on April 15, 2009, CSKI, through its subsidiaries, is engaged in the development, manufacture, marketing, and sale of over-the-counter, branded nutritional supplements and over-the-counter plant and herb based pharmaceutical and medical products in China and elsewhere.

In the course of its engagement as CSKI's auditors, Defendant audited CSKI's financial statements for the year ending December 31, 2008 (the "2008 CSKI Financial Statements"). In connection with Defendant's audit of the 2008 CSKI Financial Statements, Defendant issued the 2008 Report of Independent Registered Public Accounting Firm ("2008 Opinion Letter"), which stated in relevant part:

> In our opinion, the consolidated financial statements referred to above present fairly, in all material respects, the financial position of China Sky One Medical, Inc. and Subsidiaries as of December 31, 2008 and the results of their operations and their cash flows for the year then ended in conformity with United States generally accepted accounting principles.

After April 15, 2009, Plaintiff began to research CSKI by investigating the accuracy of the 2008 CSKI Financial Statements. Plaintiff alleges that he discovered several material misstatements and/or inaccuracies in the 2008 CSKI Financial Statements. Plaintiff alleges he "realized that the dissemination to the public of MSPC's unqualified opinion, and the materially false financial statements which it had audited, had misled stock market investors, resulting in an overinflated stock price." Compl. ¶ 22.

Between June 16, 2009 and November 30, 2009, and *after* conducting the research described above, "Plaintiff established a substantial short position in CSKI stock," with the "expectation that the

market would soon realize that CSKI's stock price was overvalued, and thereafter would decline once the corrected information was disseminated into the market." Id. at ¶ 26.  In August 2009, Plaintiff submitted information to Defendant indicating that the 2008 CSKI Financial Statements were materially false and inaccurate, as was the 2008 Opinion Letter.  Defendant failed to withdraw the 2008 Opinion Letter.

Plaintiff engaged a Chinese patent law firm to conduct an investigation into the truthfulness of the 2008 CSKI Financial Statements regarding seven patents allegedly owned by CSKI.  The law firm issued a report concluding that neither CSKI nor its subsidiaries owned any patents.  Upon receiving the report, Plaintiff advised Defendant of the findings and asked Defendant to revise its 2008 Opinion Letter.  Defendant did not revise or withdraw its 2008 Opinion Letter.

Plaintiff alleges that once Plaintiff alerted Defendant to the material misstatements in the 2008 CSKI Financial Statements, Defendant had a duty to correct the information in the 2008 Opinion Letter.  Plaintiff also alleges that as a result of Defendant's failure to issue corrected statements or withdraw support from the 2008 Opinion Letter regarding the accuracy of the 2008 CSKI Financial Statements, the value of CSKI stock has been, and remains, artificially inflated.  Due to the artificially high stock prices, Plaintiff incurred losses totaling $89,108 when he was forced to cover part of his short position by buying-in CSKI stock in a series of transactions, principally between November 27, 2009 and December 28, 2009.

Plaintiff subsequently brought a claim against Defendant alleging Defendant violated Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.  Defendant initially filed an Answer to the Complaint, and subsequently filed the instant motion to dismiss.

**II. LEGAL STANDARD**

    A. Rule 12(c)

"A motion made after an answer is filed is a motion for judgment on the pleadings pursuant to Rule 12(c)." Wyeth v. Ranbaxy Laboratories Ltd., 448 F.Supp.2d 607, 609 (D.N.J. 2006); see also FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings based on the defense that the plaintiff failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." Revell v. Port Auth. of New York, New Jersey, 598 F.3d 128, 134 (3d Cir. 2010); see also Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("There is no material difference in the applicable legal standards" for a motion to dismiss and a motion for judgment on the pleadings). "In evaluating a motion for judgment on the pleadings, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the [P]laintiff's claims are based upon those documents."[3] Alves v. Ferguson, 2010 WL 3155128, *2 (D.N.J. Aug. 9, 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993)).

    Bearing these standards in mind, a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a ... motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal

---

[3]To the extent Plaintiff has tried to introduce new facts and documents in support of his argument through his Brief in Opposition to the motion to dismiss, this Court cannot consider such documentation in deciding the instant motion.

4

conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

B.  Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

Section 10(b) of the Securities Exchange Act of 1934 ("Act") prohibits the use of fraudulent schemes or devices in connection with the purchase or sale of securities. 15 U.S.C. § 78j(b). Under Section 10(b) it is unlawful "[t]o use or employ, in connection with the purchase or sale of any security ... any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe" to protect the investing public. Id.

"Pursuant to this statutory authority, the [SEC] promulgated Rule 10b-5, which creates a private cause of action for investors harmed by materially false or misleading statements." In re Suprema Specialties, Inc. Securities Litigation, 438 F.3d 256, 275 (3d Cir. 2006). "Rule 10b-5 'makes it unlawful for any person '[t]o make any untrue statement of a material fact or to omit to state a material fact

necessary to make the statements made[,] in light of the circumstances under which they were made, not misleading ... in connection with the purchase or sale of any security.'" Id. (citing 17 C.F.R. § 240.10b-5(b)).

Plaintiff must plead the following elements in order to state a claim for a violation of Section 10(b): "(1) *a material misrepresentation (or omission)*; (2) *scienter*, i.e., a wrongful state of mind; (3) *a connection with the purchase or sale of a security*; (4) *reliance*, often referred to in cases involving public securities markets (fraud-on-the-market cases) as "transaction causation;" (5) *economic loss*; and (6) "*loss causation*," i.e., a causal connection between the material misrepresentation and the loss." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005) (internal citations omitted); see also In re Suprema, 438 F.3d at 275; Key Equity Investors, Inc. v. Sel-Leb Marketing, Inc., 246 Fed. Appx. 780, 784(3d Cir. 2007).

C.  Rule 9 and Private Securities Litigation Reform Act

"[I]n assessing the sufficiency of a § 10(b) claim, [this Court] also observe[s] the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and the [Private Securities Litigation Reform Act ("PLSRA")]." Key Equity, 246 Fed. Appx. at 784.

Rule 9(b) provides in relevant part, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); see also Key Equity, 246 Fed. Appx. at 784. "As applied to Section 10(b) claims, 'Rule 9(b) requires a plaintiff to plead (1) a specific false representation [or omission] of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." In re Suprema, 438 F.3d at 276. "In other words, the complaint should set out the 'who, what, when, where, and how' of the

events at issue." Key Equity, 246 Fed. Appx. at 784 (internal citations omitted); see also In re Suprema, 438 F.3d at 276.

Under the PLSRA, a Section 10(b) claim must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78U-4(b)(1)(B). The PLSRA also requires that a Section 10(b) claim "state with particularity facts giving rise to a *strong inference* that the defendant acted with the required state of mind." 15 U.S.C. § 78U-4(b)(2)(A) (emphasis added).[4] "Scienter is a mental state embracing intent to deceive, manipulate, or defraud, and requires a knowing or reckless state of mind." Institutional Investors Group v. Avaya, Inc., 564 F.3d 242, 252 (3d Cir. 2009) (internal citations omitted). "This scienter standard requires plaintiffs to allege facts giving rise to a strong inference of either reckless[5] or conscious behavior." Id. at 267. In determining whether scienter is adequately plead, this Court must determine "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007). "[O]missions and ambiguities count against inferring scienter, for plaintiffs must state with particularity facts giving rise to a strong

---

[4] "To the extent that Rule 9(b)'s allowance of general pleading with respect to mental state conflicts with the PLSRA's requirement that plaintiffs state with particularity facts giving rise to a strong inference that the defendant acted with scienter, the PSLRA supersedes Rule 9(b) as it relates to Rule 10b-5 actions." In re Suprema, 438 F.3d at 277 (internal citations omitted).

[5] "A reckless statement is one involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." Institutional Investors, 564 F.3d at 267 fn. 42 (internal citations omitted).

inference" of scienter. Id. (internal citations omitted). "[A] complaint gives rise to a 'strong inference' of scienter '*only* if a reasonable person would deem the inference of scienter *cogent* and *at least as compelling* as any opposing inference one could draw from the facts alleged." Key Equity, 246 Fed. Appx. at 785 (citing Tellabs, 551 U.S. at 324) (emphasis added); see also Tellabs, 551 U.S. at 328 ("A plaintiff alleging fraud in a [Section] 10(b) action, we hold today, must plead facts rendering an inference of scienter *at least as likely as* any plausible opposing inference.").

"Stated in another way, unless plaintiffs in securities fraud actions allege facts supporting their contentions of fraud with the requisite particularity mandated by Rule 9(b) and the [PSLRA], they may not benefit from inferences flowing from vague or unspecific allegations-inferences that may arguably have been justified under a traditional Rule 12(b)(6) analysis." Key Equity, 246 Fed. Appx. at 785 (internal citations omitted). "If a complaint fails to meet the stringent pleadings requirements for sustaining a [Section] 10(b) claim, the appropriate sanction ... is dismissal." Id.

### III. DISCUSSION

Defendant argues that Plaintiff's complaint should be dismissed because it fails to meet the stringent pleading requirements necessary for sustaining a Section 10(b) claim. Specifically, Defendant argues that Plaintiff has failed to adequately plead (1) facts giving rise to a strong inference of scienter, (2) a material misrepresentation or omission, and (3) reliance.

A. Scienter

Plaintiff makes two arguments from which he wants this Court to find a strong inference of scienter. First, Plaintiff argues that even if it were not obvious to Defendant that the 2008 Opinion Letter contained material misstatements at the time of its issuance, Defendant had a duty to correct its 2008 Opinion Letter once Plaintiff alerted Defendant to the material misstatements he discovered in the 2008

CSKI Financial Statements. Plaintiff argues that Defendant's failure to correct its 2008 Opinion Letter with respect to the 2008 CSKI Financial Statements is evidence of reckless behavior because it is an extreme departure from the standards of ordinary care. According to Plaintiff, Defendant recklessly disregarded its duty to correct false information that it previously certified as accurate, and this reckless behavior gives rise to a strong inference of scienter.

Plaintiff also argues motive and opportunity provide "an alternative basis for proving scienter," and that Plaintiff sufficiently alleged that Defendant had motive and opportunity to commit fraud. Specifically, with regard to motive, Plaintiff alleges that "Defendant was apparently motivated either by the fact that the magnitude and seriousness of its error(s) would likely jeopardize its relationship with a well-paying client, or might jeopardize its professional reputation, or for some other reason not yet known by Plaintiff." Compl. ¶ 37.

Plaintiff's arguments miss the mark in several regards. First, although this Court is required to accept the factual allegations as true, it need not credit broad based and conclusory allegations, especially where, as here, the PLSRA demands facts be plead with particularity. More importantly, this Court cannot accept Plaintiff's allegations of scienter whole cloth, but rather must examine all allegations collectively to determine whether they give rise to an "inference of scienter [that is] *cogent* and *at least as compelling* as any opposing inference one could draw from the facts alleged." Key Equity, 246 Fed. Appx. at 785 (emphasis added).

This Court finds the facts alleged do not give rise to a strong inference of scienter, and that non-culpable inferences are more compelling. With regard to Defendant's failure to correct it's 2008 Opinion Letter, Plaintiff wants this Court to find a strong inference of scienter based on allegations that Defendant's failure to correct it's 2008 Opinion Letter based on the personal research of Plaintiff, who

9

had a vested personal interest in the decline of CSKI stock price, represented such an extreme departure from the standards of ordinary care that it could fairly be considered reckless. This Court is unable to make the leap that would be required to reach the conclusion Plaintiff puts forth. Based on the facts alleged, a more compelling inference is that Defendant, an independent auditor that was under no obligation to credit the personal research of an interested investor, disregarded the self-interested claims of a known short-seller because Defendant believed that the claims of material misstatements were baseless. With regard to Defendant's motive to commit fraud, this Court notes that, despite Plaintiff's assertions to the contrary, an allegation of motive and opportunity to commit fraud is not sufficient *in and of itself* to create a strong inference of scienter. See Tellabs, 551 U.S. at 325 ("[T]he significance that can be ascribed to an allegation of motive, or lack thereof, depends on the entirety of the complaint."); Institutional Investors, 564 F.3d at 276 (finding that a showing of motive and opportunity as an independent means of establishing scienter was "no longer [a] tenable [conclusion] in light of Tellabs"). Here, Plaintiff's allegations regarding Defendant's motive and opportunity–to maintain a client relationship and/or protect it's professional reputation–are common to all companies, and, absent unusual circumstances, are not indicative of a motive to commit fraud. Put simply, Plaintiff has not alleged sufficient facts regarding Defendant's motive to give rise to any inference of scienter, let alone a strong inference, even when considered in the context of the totality of Plaintiff's Complaint.

      Considering all of the allegations of scienter collectively, and the relative strengths of culpable and non-culpable inferences created by those allegations, this Court finds that Plaintiff failed to adequately plead scienter. Since this Court agrees that Plaintiff has failed to adequately plead scienter, and accordingly Plaintiff's Complaint must be dismissed, this Court need not address Defendant's remaining arguments.

**IV.** <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss is granted.

<u>S/ Dennis M. Cavanqaugh</u><br>Dennis M. Cavanaugh, U.S.D.J.

Original:   Clerk
cc:         All Counsel of Record
            Hon. Joseph Dickson, U.S.M.J.
            File